PROB 12C
Rev 2/03

# United States District Court

for

## Southern District of Ohio

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Germelle Dewberry**     Case Number: **1:00CR00070**

Name of Sentencing Judicial Officer:     **The Honorable Susan J. Dlott**
                                            **United States District Judge**

Date of Original Sentence: **February 22, 2001**

Original Offense: **Conspiracy to Distribute Marijuana, Cocaine, and Cocaine Base, in violation of 21 USC 846 and 8419a)(1) and (b)(1)(C), a class C felony.**

Original Sentence: **60 months BOP confinement, 3 years supervised release**

Type of Supervision: **Supervised Release**     Date Supervision Commenced: **January 7, 2005**

Assistant U.S. Attorney: **Robert C. Brichler, esq.**     Defense Attorney: **Scott A. Wolf, esq**

## PETITIONING THE COURT

[ ]     To issue a warrant
[ ]     To issue an Order to Appear and Show Cause
[X]    To grant an exception to revocation without a hearing.

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | **Condition #7: You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;** |
| | On December 5, December 21, 2005, January 3, and January 30.2006, Dewberry submitted urine specimens which returned positive for usage of marijuana. |
| | 18 USC 3583(g)(4) requires revocation for submitted more than three positive urine specimens within the same 365 day time period. |

PROB 12C
Rev 2/03

2

#2      **New Law Violation:**

On February 13, 2006, Dewberry was arrested on charges of Driving Under the Influence-2 counts, Driving Under Suspension-2 cts, a license plate violation, Slow Speed, and a criminal charge of Falsification stemming from an incident that occurred on June 19, 2005. It is being alleged, Dewberry gave a false name and social security number to the police officer on June 19, 2005 to avoid prosecution under his actual name for the traffic charges mentioned above. The cases are pending in Hamilton County, Ohio Municipal Court.

#3      **Condition #2: You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month;**

On July 11, 2005, Dewberry submitted his monthly report for the month of June 2005. Dewberry failed to disclose his contact with law enforcement on June 19, 2005 on his monthly report as required.

**U.S. Probation Officer Recommendation:**

Since the supervision began, Dewberry has struggled with employment issues. He did complete treatment at Crossroads in 2005, but has relapsed. He also has pending criminal and traffic charges which include a DUI from June19, 2005. It is clear Dewberry needs to return to treatment, obtain stable employment, and experience some form of sanctioning for the violations mentioned above. 18 USC 3583(g)(4) requires revocation for testing positive for drugs more than three times in the same 365 day time period. However, 18 USC § 3583(d) also permits the Court to grant an exception to revocation if the Court determines an exception is warranted based on the availability of drug treatment programs and the defendant's past and present performance in treatment. As mentioned, Dewberry did complete treatment last year, and clearly appears to need to return to treatment.

This officer met with Dewberry about the positive drug tests, and proposed a 90 day halfway house placement as a modification, which would help him with employment and a more structured environment to work on life style issues while in substance abuse treatment. This officer then explained to Dewberry in detail his rights to consult with an attorney before making any decision on the matter and to a modification hearing represented by counsel. Dewberry stated he wished to exercise his right to consult with an attorney, and as a result, met with W. Kelly Johnson from the Federal Public Defender's office. After their meeting, Dewberry agreed to waived his right to a modification hearing, and voluntarily signed the waiver form.

The halfway house modification will also serve as adequate punishment for the traffic and criminal charges and his failure to disclose his contact with law enforcement on his monthly supervision report.

Based on the circumstances mentioned above, this officer is respectfully recommending the Court grant the exception clause pursuant to 18USC 3583(d) and also grant the modification as stated below.

The term of supervision should be:

     [ ]      Revoked.
     [ ]      Extended for years, for a total term of years.
     [X]      Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
     [X]      The conditions of supervision should be modified as follows:

**The supervised releasee shall reside in a halfway house facility for a period of 90 days in the most restrictive component. While in the halfway house program, the supervised releasee shall abide by all of the program's rules and regulations, and be cooperative and compliant with the program's staff.**

I declare under penalty of perjury that                Approved,
the foregoing is true and correct.

Executed on **February 27, 2006**        by

*[signature]*                                          *[signature]*
Robert C. Frommeyer Jr.                                John Cole
Senior U.S. Probation Officer                          Supervising U.S. Probation Officer
                                                       Date:        **February 27, 2006**

---

THE COURT ORDERS:

[ ]   No Action

[ ]   The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the issuance of a Warrant for his/her arrest.

[ ]   The Issuance of an Order to Appear and Show Cause

[X]   The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions, and the Court grants the modification to the conditions of supervision.

[ ]   Other

*[signature]*
Signature of Judicial Officer

*March 1, 2006*
Date

PROB 49

# UNITED STATES DISTRICT COURT
## Southern District of Ohio

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel" I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing. I also understand I have the right to contact an attorney prior to signing this waiver.

I hereby knowingly and voluntarily waive my right to consult an attorney before signing this waiver and I knowingly and voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**The supervised releasee shall reside in a halfway house facility for a period of 90 days in the most restrictive component. While in the halfway house program, the supervised releasee shall abide by all of the rules and regulations, and be cooperative and complaint with the program's staff.**

Witness: _____  Signed: _____
U.S. Probation Officer                       Probationer or Supervised Releasee

February 9, 2006
DATE