PROB 12B
(12/98)

# United States District Court

for

### District of Southern Ohio

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: **Germelle Dewberry**                              Case Number: **CR-1-00-070-03**

Name of Sentencing Judicial Officer:    **The Honorable Susan J. Dlott**
                                        **United States District Judge**

Date of Original Sentence: **February 22, 2001**

Original Offense: **Conspiracy to Distribute Marijuana, Cocaine, and Cocaine Base, in violation of 21 USC §§ 846 and 841(a)(1) and (b)(1)(C), a class C felony.**

Original Sentence: **60 months BOP confinement, 3 years supervised release**

Type of Supervision: **Supervised Release**            Date Supervision Commenced: **January 7, 2005**

## PETITIONING THE COURT

[ ]   To extend the term of supervision for years, for a total term of years.
[X]   To modify the conditions of supervision as follows:

1) The supervised releasee shall complete 75 days of home confinement with electronic monitoring. The supervised releasee shall comply with the conditions of home confinement and electronic monitoring adopted by the Southern District of Ohio. Further, the supervised releasee may be required to wear an electronic device, and shall remain at his place of residence except for employment, treatment, or other activities approved in advance by the probation officer. The fees of the electronic monitoring services may be waived based on the probation officer's review of the defendant's financial condition.

2) The supervised releasee shall abstain from the usage of alcohol, and all other intoxicants during the term of supervised release.

## CAUSE

On March 1, 2006, the Court granted the exception clause under 18 USC § 3583(d) due to Dewberry testing positive for drugs more than three times and a 90 day halfway house modification, which Dewberry agreed to have imposed.

On March 16, 2006, Dewberry entered the Talbert House halfway house program as required. However, he received a seven day room restriction initially for not complying with the need to participate in the intake process. It took three days to complete the intake process that usually takes a few hours. This required intervention with the director of the program. On March 24, 2006, this officer attended a compliance meeting at Talbert House with Dewberry, his case manager, and the program director. This officer was given an opportunity to speak with Dewberry separately. After this discussion, Dewberry agreed to comply with the requirements of the program. He then stated his intentions to the program personnel. It should be noted, although he agreed to cooperate, he disagreed with how the sanction he received was levied.

On April 4, 2006, Dewberry was signed out of the program to job seek, and was to meet his brother to receive a ride to the places on his itinerary. He stood at the corner of Vine Street and McMillan Avenue for more than 90 minutes, and his brother did not show up. Dewberry returned to the program. He met with his case manager and the program director, and they had a behavior contract they wanted him to sign. He initially refused, but eventually signed it. Dewberry made comments indicating that he did not want to be there and prison was not a deterrent. The Bureau of Prisons Community Case Manager was notified by the Talbert House staff, and instructions were given to the Talbert House staff to terminate him from the program on April 5, 2006. The Bureau of Prisons holds the contract with the halfway house, so they determine how misbehavior will be handled.

Dewberry reported to the U.S. Probation Office and met with this officer after the termination from the program. Dewberry acknowledged he made some bad decisions in how he handled himself in the halfway house program, but felt there was a personality conflict with him and his case manager, and disagreed with how things were portrayed.

In reviewing the situation, this officer was not in agreement that Dewberry should have terminated from the program because ultimately his brother failed to show up to give him a ride to job seek. This officer did talk with Dewberry about how he could have handled the situation differently by not waiting 90 minutes and going back to the program to find an alternative method of transportation to the places. As a result, this officer would like to continue working with Dewberry and have him complete the original modification in another form. This officer spoke with Dewberry about home confinement with electronic monitoring. This officer again explained to him his rights to consult with an attorney before making any decision on the matter and to a modification hearing represented by counsel. Dewberry stated he understood his rights, but wanted to waive those rights as he was in agreement with the proposal. He reviewed the waiver form, then voluntarily signed it.

Based on the reason for termination, his officer wanting to continue to work with Dewberry, and his agreement with the modification, this officer is respectfully recommending the Court grant the modification as stated above. Please find the signed waiver form attached to this petition.

PROB 12B
(12/98)

3

RE: Dewberry, Germelle
Docket # CR-1-00-070-03

Respectfully submitted,                                    Approved,

by  *Robert C. Frommeyer Jr.*                              by  *John Cole*
Robert C. Frommeyer Jr.                                    John Cole
Senior U. S. Probation Officer                             Supervising U. S. Probation Officer
Date:  **April 10, 2006**                                  Date:  **April 10, 2006**

---

THE COURT ORDERS:

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

*Susan J. Dlott*
Signature of Judicial Officer

*April 14, 2006*
Date

PROB 49

# UNITED STATES DISTRICT COURT
## Southern District of Ohio

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel" I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing. I also understand I have the right to contact an attorney prior to signing this waiver.

    I hereby knowingly and voluntarily waive my right to consult an attorney before signing this waiver and I knowingly and voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1) The supervised releasee shall complete 75 days of home confinement with electronic monitoring. The supervised releasee shall comply with the conditions of home confinement and electronic monitoring adopted by the Southern District of Ohio. Further, the supervised releasee may be required to wear an electronic device, and shall remain at his place of residence except for employment, treatment, or other activities approved in advance by the probation officer. The fees of the electronic monitoring services may be waived based on the probation officer's review of the defendant's financial condition.

2) The supervised releasee shall abstain from the usage of alcohol, and all other intoxicants during the term of supervised release.

Witness: _____  Signed: _____
          U.S. Probation Officer            Probationer or Supervised Releasee

                                April 7, 2006
                                  DATE